NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANTON DRISCO, III,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Civil Action No. 13-3366 (ES)<br><br>OPINION |

**SALAS, District Judge**

　　Before the Court is an appeal filed by Stanton Drisco, III ("Plaintiff") seeking review of Administrative Law Judge Richard L. De Steno's (the "ALJ" or "ALJ De Steno") decision upholding the Acting Commissioner of Social Security's ("Commissioner" or "Defendant") decision to deny Plaintiff's application for continued supplemental security income ("SSI") under Title XVI of the Social Security Act. (D.E. No. 11, Brief in Support of Plaintiff Stanton Drisco, III ("Pl. Br.")). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons set forth below, the Court VACATES the Commissioner's decision and REMANDS for further administrative proceedings consistent with this Opinion.

I.     **Background**

Plaintiff is a twenty-two year old man who received SSI benefits as a child. (R. at 13).[1] On February 9, 2004, an ALJ found that Plaintiff had been disabled as of September 10, 2002 because Plaintiff suffered from "asthma, sickle cell trait, organic mental disorders and behavioral problems that functionally equal[ed] the requirements of the [Commissioner's] listing." (R. at 55-58). As required by law, Plaintiff's benefits were redetermined when he turned eighteen, and on March 18, 2010, the Commissioner found that Plaintiff was no longer disabled as of March 1, 2010. (R. at 72-74). Upon reconsideration, this determination was upheld by a State agency disability hearing officer. (R. at 75, 92-102). Plaintiff then requested a hearing before an ALJ, which was held on January 12, 2012. (R. at 23-46, 103-05).

On January 26, 2012, ALJ De Steno issued a decision finding that Plaintiff is not disabled as an adult, that his disability ended on March 1, 2010, and that he has not become disabled again since that date. (R. at 13-19). Plaintiff appealed. (R. at 7). On March 25, 2013, the Appeals Council denied his request. (R. at 1-3).

On May 29, 2013, Plaintiff commenced this action.[2] (D.E. No. 1, Compl.).

II.    **Legal Standards**

   A.     **Standard for Awarding Benefits**

In order to be eligible for SSI under Title XVI of the Social Security Act ("the Act"), a claimant must satisfy two requirements. First, the claimant must establish that he or she is disabled as defined by the Act. *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI). Second, a claimant

---

[1] The Court refers to the administrative record as "R. at __" in this opinion. The administrative record is divided into seven attachments due to its volume, is continuously paginated, and can be found at docket entry number 7.
[2] On May 29, 2013, the Court received Plaintiff's Complaint, which was subsequently filed by the Clerk of the Court on August 13, 2013. (*See* D.E. Nos. 1, 3, Compl.).

2

seeking SSI must establish that he or she falls within the income and resource limits set forth in §§ 1382a and 1382b.

An individual is deemed disabled under Title II and Title XVI if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (SSI). Furthermore, the individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration has established the following five-step, sequential evaluation process to determine whether an individual is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of [20 C.F.R. Part 404, Subpart P] and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI). "The claimant bears the ultimate burden of establishing steps one through four." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). "At step five, the burden of proof shifts to the Social Security Administration." *Id.* If at any point in this sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the evaluation stops. 20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI).

During the five-step evaluation process, an ALJ reviews the medical evidence contained in the claimant's record. An ALJ must give controlling weight to and adopt the medical opinion of a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "Not inconsistent" does not require that the treating physician's opinion must "be supported directly by all of the other evidence as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006). Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If the medical evidence of different physicians conflicts, an "ALJ may choose whom to credit but 'cannot reject evidence *for no reason or for the wrong reason*.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (emphasis added) (quoting *Plummer*, 186 F.3d at 429). "In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical

4

reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Id.* (citation omitted).

Once an ALJ has found a "medically determinable impairment(s)," he or she evaluates the "intensity, persistence, and functionally limiting effects of [the] symptoms" to determine their effect on the individual's capacity to do "basic work activities." 20 C.F.R. §§ 404.1529(c), 416.929(c). At this point in the disability determination, an ALJ considers the statements made by the claimant and must make a specific finding as to the individual's credibility. *See Barnhart*, 211 F. App'x at 104-05; *see also* SSR 96-7p ("clarify[ing] *when* the evaluation of symptoms . . . requires a finding about the credibility of an individual's statements") (emphasis added). In determining such credibility, an ALJ must consider all the relevant evidence in the case record, including medical evidence, statements made by the claimant and third parties regarding the claimant's impairment and its functional effects. *Barnhart,* 211 F. App'x at 104. Finally, although an ALJ's credibility determination is entitled to deference, an ALJ must provide "specific reasons for the finding on credibility, supported by the evidence in the case record." *Id.*; *see Reefer v. Barnhart,* 326 F.3d 376, 380 (3d Cir. 2003) (holding that courts "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor").

    **B.**    **Standard of Review**

Upon review, the Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

In reviewing an ALJ's decision, the Court must look to an ALJ's "expression of the evidence [he or she] considered which supports the result," as well as the reasoning behind the rejection of certain evidence to determine if substantial evidence supports the findings. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ's reasons for weighing or rejecting evidence are particularly important when there is "conflicting probative evidence in the record." *Id.* at 706. The Court is bound by an ALJ's findings that are supported by substantial evidence "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review in that it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

### III.   ALJ De Steno's Decision

Administrative Law Judge De Steno reviewed the record and conducted the five-step evaluation process in accordance with 20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI). At the outset of the evaluation, ALJ De Steno noted that step one is not used for redetermining disability at age eighteen, therefore, no analysis was conducted. (R. at 14). At step two, ALJ De Steno evaluated Plaintiff's sleep apnea, asthma and obesity for severity. The ALJ determined that Plaintiff's sleep apnea is a severe impairment. (R. at 15). By contrast, the ALJ determined that Plaintiff's asthma and obesity are not severe impairments because the objective medical evidence

6

did not establish that Plaintiff's obesity and asthma had any greater than a slight or minimal effect on his ability to perform basic work activities. (R. at 15).

At step three, ALJ De Steno concluded that although Plaintiff's sleep apnea is a severe impairment, "it is not attended with the specific clinical signs and diagnostic requirements set forth in the Listing of Impairments under 3.00 (Respiratory)." (R. at 15). The ALJ observed that Plaintiff's "treating physician reported no limitations regarding lifting, standing, walking or sitting[]" and that "no doctor has reported that the claimant is disabled or unable to work." (R. at 18).

Before proceeding to step four, ALJ De Steno found that Plaintiff "has [] the residual functioning capacity to perform a full range of work at all exertional levels, not requiring exposure to recognized hazards such as unprotected elevations and dangerous moving machinery." (R. at 15). At step four, the ALJ noted that Plaintiff did not have past relevant work. (R. at 18).

During the last step, ALJ De Steno found that, "considering the claimant's age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. at 18). Specifically, the ALJ determined that although "the claimant's ability to perform work at all exertional levels has been compromised by non-exertional limitations[,] . . . these limitations have little or no effect on the occupational base of unskilled work at all exertional levels." (R. at 19).

The ALJ concluded that "[b]ased upon a redetermination of the claimant's continuing eligibility for supplemental security income upon attaining age 18 under section 1614(a)(3)(H) of the Social Security Act, the claimant's disability ended on March 1, 2010, and the claimant has not become disabled since that date." (R. at 19).

**IV.   Arguments on Appeal**

On appeal, Plaintiff claims that the ALJ erred at the second step of the evaluation when he only recognized sleep apnea as a severe impairment and disqualified asthma, obesity, and mental impairments as severe impairments. (Pl. Br. at 10, 15). Plaintiff further argues that an obesity determination requires a case-by-case analysis of its effect on the individual applicant at every step of the sequential evaluation, particularly in light of the other severe impairments. (*Id.* at 21-22, 25).

Moreover, Plaintiff argues that the residual functioning capacity is unexplained and contrary to the evidence, which supports functional limitations due to Plaintiff's obesity, asthma and sleepiness. (*Id.* at 28-29). Plaintiff also emphasizes that the ALJ improperly rejected the opinions of Dr. Edgardo L. Tan and Dr. Vipin Garg. (*Id.* at 25). Plaintiff contends that the decision must set forth the reasoning in how the residual functioning capacity was reached and must be comprehensive and analytical. (*Id*. at 25-26). Plaintiff avers that the unsubstantiated residual functioning capacity was reached to avoid calling a vocational expert. (*Id.* at 29; D.E. No. 15, Plaintiff's Reply Letter ("Pl. Reply") at 1).

In opposition, Defendant contends that substantial evidence supports the ALJ's decision that Plaintiff's obesity is not a severe impairment. (D.E. No. 14, Defendant's Memorandum of Law in Support of Her Motion to Dismiss and in Opposition to Plaintiff's Local Rule 9.1 Brief ("Def. Br.") at 5). Defendant claims that Plaintiff cannot rely solely on his body mass index to support a finding of severity and that Plaintiff himself did not allege any symptoms or limitations from his obesity in his disability report or at the administrative hearing. (*Id.*). Defendant argues that the ALJ's decision should stand because "[c]ourts have held that any error in the ALJ's

analysis at step two of the sequential evaluation is harmless where the ALJ found that the claimant had other severe impairments." (*Id.*).

Finally, Defendant asserts that Plaintiff failed to satisfy his burden of showing that he had a medically determinable impairment that limited his exertion and that substantial evidence supports the ALJ's residual functioning capacity finding. (*Id.* at 7). In regards to Dr. Garg's opinion, Defendant claims that the ALJ properly found that it was inconsistent with Plaintiff's own testimony. (*Id*. at 8). Defendant also maintains that the ALJ did not give any weight to Dr. Tan's opinion regarding Plaintiff's ability to push and pull—although the ALJ adopted his other findings—because it was not supported by the record. (*Id*.).

**V.     Analysis**

At step two of the five-step evaluation process, an ALJ must assess whether a claimant has severe physical or mental impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). "The burden placed on an applicant at step two is not an exacting one." *McCrea  v. Comm'r of Social Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). The severity of an impairment is judged by a "de minimis" test obliging the claimant to demonstrate something beyond a slight abnormality that would have no more than a minimal effect on a claimant's ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 154 (1987). "If the evidence presented by the claimant presents more than a 'slight abnormality,' the step two requirement of 'severe' is met, and the sequential evaluation process should continue." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (citations omitted). Moreover, "[a]ny doubt as to whether this showing has been made is resolved in favor of the applicant." *McCrea*, 370 F.3d at 360; *see also Miranda v. Comm'r of Soc. Sec.*, No. 10-2818, 2011 WL 1527357 (D.N.J. Apr. 20, 2011) (remanding an ALJ's step two determination where two medical

opinions concluded that Claimant was incapable of working for psychiatric reasons). Courts should give close scrutiny to step two findings of no disability. *McCrea*, 370 F.3d at 360.

But, whereas here, when an ALJ finds in a claimant's favor at step two and determines that a claimant has other severe impairments, any error is harmless. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("[E]ven if [an ALJ] had erroneously concluded that some of [a claimant's] other impairments were not severe, any error was harmless.").

At step two of the analysis, ALJ De Steno concluded that Plaintiff's obesity and asthma were not severe impairments. (R. at 15). After carefully reviewing the record, the Court finds that the ALJ's determination that "the objective medical evidence fails to establish that the claimant's asthma or obesity have had any greater than a slight or minimal effect on [his] ability to perform basic work activities, and thus, they do not constitute severe impairments[,]" is not based on all of the relevant evidence. (R. at 15).

Here, the ALJ dismissed, without explanation, information in the record that could support a finding that Plaintiff's obesity limited his ability to work. In a report, Dr. Tan explained that Plaintiff had work-related limitations with respect to pushing and pulling that are "*due to [his] weight*." (R. at 201) (emphasis added). In a conclusory fashion, however, the ALJ found that "[n]o weight is accorded to Dr. Tan [sic] assessed functional limitation on pushing and pulling." (R. at 17). The ALJ dismissed Dr. Tan's opinion without explaining how "[i]t is not supported by his own objective findings or the record as a whole." (R. at 17). And the ALJ did not mention the specific objective findings or portions of the record that do not support Dr. Tan's medical assessment.

With respect to Plaintiff's asthma, the ALJ noted that Plaintiff "did not allege severe symptoms from asthma." (R. at 17). But, Plaintiff described his limitations due to the asthma in

10

other portions of the record that are not addressed or discredited in the ALJ's opinion. (*See, e.g.*, R. at 158 ("[B]efore my illnesses I was able to do activities but now I can't because of asthma [a]nd breathing problems."); *see also* R. at 159 (observing that he experienced shortness of breath from "walking, climbing, and squat[ting]" as a result of his asthma)).

Although such errors at step two are harmless in light of the ALJ's severity finding as to Plaintiff's sleep apnea, the Court finds that this matter should be remanded nonetheless for the reasons stated below. On remand, the ALJ shall consider and address all of the impairments at step two and, particularly, if obesity is found not to be severe, the ALJ shall also consider the impact of the combination of Plaintiff's obesity at step three and subsequent steps, which the ALJ did not consider below. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted) (mandating consideration of the symptoms of "obesity, individually and in combination with [his] impairments, on [his] workplace function at step three and at every subsequent step").

In regards to the residual functioning capacity determination, this Court also finds that a remand is necessary to recite all probative evidence in an analytical manner. "The ALJ must consider all the evidence and give some reason for discounting the evidence []he rejects." *Plummer*, 186 F.3d at 429; *see also Stewart v. Sec'y of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983) ("[U]nless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'") (citation omitted); *see also Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979) ("[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of

11

subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision."). Otherwise, a reviewing court cannot determine whether "significant probative evidence was not credited or if it was simply ignored." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000) (citation omitted). If a reviewing court is denied the opportunity to make such a determination, "the claim must be remanded or reversed and all evidence must be addressed." *Id.*

As previously explained, the ALJ rejected, without explanation, the portion of Dr. Tan's report that found a functional limitation on pushing and pulling due to Plaintiff's obesity. (R at 17). Additionally, Dr. Garg's medical report concluded that Plaintiff is unable to work due to excessive sleepiness. (R. at 204). The ALJ, however, gave "no weight" to the opinion of Dr. Garg because "it is unsupported by the medical evidence" and because "the claimant testified at the lower level that he sleeps well using a CPAP machine." (R. at 17). But, during a later hearing on January 12, 2012, Plaintiff testified as follows:

> Q: Do you go to the doctor for this problem with the sleep apnea?
>
> A: Not really because I thought the machine would clear it up. I use the machine but it ain't doing nothing except for my breathing. *It ain't helping my sleep*.

(R. at 40) (emphasis added). Indeed, the ALJ noted that Plaintiff suffered from daytime sleepiness as a result of his sleep apnea and often "nod[ded] off" and fell "asleep during the day a few times." (R. at 16). The ALJ also did not explain what objective medical evidence he considered. Defendant does, however, attempt to contradict Dr. Garg's opinion by submitting results of the nocturnal polysomnography performed on February 22, 2010. (Def. Br. at 8). On remand, the ALJ should consider all relevant portions of the case record and specify his reasons for rejecting evidence in the record.

## VI. Conclusion

For the foregoing reasons, ALJ De Steno's decision is hereby vacated and this case is remanded for further proceedings consistent with this Opinion. An appropriate order shall accompany this Opinion.

/s/*Esther Salas*
**Esther Salas, U.S.D.J.**